UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LANCE W. WALTERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORIZON HEALTH (Provider) In both its ) <br> individual and official capacities as a contracted ) <br> Health Care Provider for the Indiana Department ) <br> of Correction, as well as, the Plainfield ) <br> Correctional Facility, ) <br> WEXFORD HEALTH SOURCES In both its ) <br> individual and official capacities as a contracted ) <br> Health Care Provider for the Indiana Department ) <br> of Correction, as well as, the Plainfield ) <br> Correctional Facility, ) <br> MURAT POLAR DR. In both his individual and ) <br> official capacities as a Medical Doctor at ) <br> Plainfield Correctional Facility, ) <br> RACHAEL HOUGHTON In both her individual ) <br> and official capacities as a Director of Medical ) <br> Services at the Plainfield Correctional Facility, ) <br> BECKY TRIVETT In both her individual and ) <br> official capacities as a Nurse at the Plainfield ) <br> Correctional Facility, ) <br> KATIE COLLOSSY In both her individual and ) <br> official capacities as a Nurse and as a ) <br> Administrative Assistant Plainfield Correctional ) <br> Facility, ) <br> TONI JORDAN In both her individual and official ) <br> capacities as a Nurse at the Plainfield Correctional ) <br> Facility, ) <br> PAMELA JOHNSON In both her individual and ) <br> official capacities as a Nurse Practitioner at the ) <br> Plainfield Correctional Facility, ) <br> WIGGINS LIEUTENANT, In both her individual ) <br> and official capacities as a Correctional Officer at ) <br> the Plainfield Correctional Facility, ) <br> ROACH LIEUTENANT, in both his individual ) <br> and official capacities as a Correctional Officer at ) <br> the Plainfield Correctional Facility, ) | No. 1:17-cv-04108-JMS-TAB |

EADS SERGEANT, in both his individual and )
official capacities as a Correctional Officer at the )
Plainfield Correctional Facility, )
DON HARRIS In both his individual and official )
capacities as a Unit Team Case Manager at the )
Plainfield Correctional Facility, )
TOMMY FULFORD In both his individual and )
official capacities as a Unit Team Case Manager at )
the Plainfield Correctional Facility, )
KATIE KINNEMAN In both her individual and )
official capacities as a Nurse Practitioner at the )
Plainfield Correctional Facility, )
JEANINE CLARK In both her individual and )
official capacities as a Nurse Practitioner at the )
Plainfield Correctional Facility, )
JANE DOE, DAWN In both her individual and )
official capacities as a Nurse Practitioner at the )
Plainfield Correctional Facility, )
SERGEANT SUTTON In both his individual and )
official capacities as a Correctional Officer at the )
Plainfield Correctional Facility, )
MORGAN FEENEY In both her individual and )
official capacities as a Unit Team Case Manager at )
the Plainfield Correctional Facility, )
BETHANY CHIDLEY In both her individual and )
official capacities as a Nurse Practitioner at the )
Plainfield Correctional Facility, )
CHARLES A. PENFOLD In both his individual )
and official capacities as Administrative Assistant )
at the Plainfield Correctional Facility, )
LOTT CORRECTIONAL OFFICER, in both his )
individual and official capacities as a Correctional )
Officer at the Plainfield Correctional Facility, )
SIMMONS CORRECTIONAL OFFICER, In both )
his individual and official capacities as a )
Correctional Officer at the Plainfield Correctional )
Facility, )
JONES In both his individual and official )
capacities as a Unit Team Case Manager at the )
Plainfield Correctional Facility, )
AQWAY CORRECTIONAL OFFICER, in both )
his individual and official capacities as a )
Correctional Officer at the Plainfield Correctional )
Facility, )

| | |
|---|---|
| RON TURNER In both his individual and official capacities as a Unit Team Manager at the Plainfield Correctional Facility, | ) ) ) |
| RAYMOND KINNESON In both his individual and official capacities as the Americans with Disabilities Coordinator at the Plainfield Correctional Facility, | ) ) ) ) ) |
| GARNER CORRECTIONAL OFFICER, in both her individual and official capacities as a Correctional Officer at the Plainfield Correctional Facility, | ) ) ) ) |
| BRIAN NEWMAN In both his individual and official capacities as a Unit Team Case Manager at the Plainfield Correctional Facility, | ) ) ) |
| HEATHER KITZMILLER In both her individual and official capacities as a Nurse at the Plainfield Correctional Facility, | ) ) ) |
| KIMBERLY BALLARD In both her individual and official capacities as a Nurse at the Plainfield Correctional Facility, | ) ) ) |
| JOHN REYNOLDS In both his individual and official capacities as a Nurse Practitioner at the Plainfield Correctional Facility, | ) ) ) |
| CHASSITY (DOE) in both her individual and official capacities as Director of Nursing at the Plainfield Correctional Facility, | ) ) ) |
| GULLEDGE CORRECTIONAL OFFICER, in both her individual and official capacities as a Correctional Officer at the Plainfield Correctional Facility, | ) ) ) ) |
| STANLEY KNIGHT In both his individual and official capacities as the Superintendent/Warden of the Plainfield Correctional Facility, | ) ) ) |
| Defendants. | ) ) |

**Entry Discussing Selected Matters and Dismissing Complaint**

**I. Filing Fee**

The plaintiff's motion for leave to proceed *in forma pauperis*, dkt [5], is granted. The motion reflects that he is not able to pay an initial partial filing fee. The Court credits his representations in his motion. The Court therefore finds that the plaintiff does not have the assets

or means to pay the initial partial filing fee originally assessed. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), the plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. However, he is still obligated to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). See id. § 1915(b)(1).

## II. Motion for Preliminary Injunction

The plaintiff's motion for preliminary injunction has been considered. The plaintiff explains that he has been diagnosed with lupus, asthma and heart conditions and that he has not been provided with appointments with a cardiologist or dermatologist. When the plaintiff was recently taken to the Emergency Room at Hendricks Regional Hospital the doctor told him that he should schedule a cardiology appointment and follow up care when he is released from prison on November 9, 2017. The plaintiff seeks a court order directing the defendants to arrange for an examination and plan of treatment by qualified specialists and to make sure that the plan of treatment is carried out.

The plaintiff's motion, dkt [3], is **denied**. The plaintiff reports that he will be released from custody this week on November 9, 2017. At that time, the defendants will no longer be responsible for his medical care and treatment. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992)("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed," for federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (internal quotation marks omitted); *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir.

2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 807 (7th Cir. 1996) (same). There is simply not time to order the relief the plaintiff seeks.

### III.  Motion for Counsel

The plaintiff's motion for assistance with recruiting counsel, dkt [4], is **denied as premature.** No viable complaint has been filed and the defendants have not been served. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013). In addition, certain litigation challenges associated with incarceration will be resolved once the plaintiff is released from custody later this week.

### IV. Screening Standard

Plaintiff, who is incarcerated at the Plainfield Correctional Facility, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious,"

although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the Court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### IV. The Complaint

Plaintiff Lance W. Walters, an inmate at the Plainfield Correctional Facility, filed this civil action against thirty-three individual defendants and the two corporate entities responsible (or previously responsible) for providing healthcare to inmates. Walters' 22-page single spaced complaint raises a host of complaints. For example, Walters complains that he was not given effective treatment for a rash, that he was denied a wheel chair, medications, supplies and clothing, that his wheel chair was taken away and replaced with a damaged chair, that his complaints were ignored, that he was forced to perform standing jobs against medical orders, that he was transferred to different cells to punish him for his disability, and that he was denied a referral to a dermatologist. In addition, Walters was required to find his own wheelchair pushers and the nurse practitioners at the outside hospital were not interested in treating him either.

The plaintiff's complaint as currently structured must be dismissed. Federal Rule of Civil Procedure 18 permits a plaintiff to bring in one lawsuit every claim he has against a single defendant. Fed. R. Civ. P. 18(a). However, to join multiple defendants in a single action, Rule 20 requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or

fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Working together, these two rules mean that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Rule 20 applies as much to cases brought by prisoners as it does to any other case. *Id*.

The plaintiff's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants for various discrete episodes occurring during the plaintiff's incarceration. While it is arguable that most of his claims stem from the medical care he received in prison, the fact that he is had complex medical needs while incarcerated is not a "transaction" or "occurrence" under the Rules. As a result, there must be more tying each episode together other than that the plaintiff experienced these things and those allegations are lacking here.

The complaint is of the kitchen-sink variety. Put differently, the complaint appears to represent the plaintiff's catalogue of everything that happened to him while incarcerated to which he takes exception. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id*. Therefore, the Court will strike the original complaint submitted on November 6, 2017.

The plaintiff shall have **through December 6, 2017,** to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action. The amended complaint shall supersede the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the

Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id*. at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. If an amended complaint is not filed this action will be dismissed.

**IT IS SO ORDERED.**

Date: 11/8/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LANCE W. WALTERS
103746
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only